JOSEPH ANTHONY SZOSTAK, III,
     Plaintiff,

v.

RUTHERFORD COUNTY ADULT
DEENTION CENTER, et al.,
     Defendants.

Case No. 3:25-cv-01187

Chief Judge William L. Campbell, Jr.
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

Pending before the Court are the following eight motions, including: (i) "Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint" (Doc. No. 73, "Motion for Extension"), (ii) "Motion for Case Status and, if Needed, Extension to File Amended Complaint" (Doc. No 74, "Motion for Case Status"), (iii) "Motion for Leave to File Amended Complaint" (Doc. No. 75, "Motion to Amend"), (iv) "Order Directing Clerk to Enter Default Judgment" (Doc. No. 79, "Motion for Entry of Default"), (v) "Motion to Object to Defendants' Notice of Appearance" (Doc. No. 80, "Motion to Disqualify"), (vi) "Motion to Object Defendants' Request for Enlargement of Time to Respond" (Doc. No. 81, "Motion to Object"), (vii) "Plaintiff's Renewed Motion for Appointment of Counsel" (Doc. No. 82, "Motion to Appoint Counsel"), and (viii) "Motion to Strike Amendments Filed, DE 75" (Doc. No. 83, "Motion to Strike").

For the reasons described herein, the Motion for Extension is DENIED AS MOOT (Doc. No. 73), the Motion for Case Status is GRANTED (Doc. No. 74), the Motion to Amend is GRANTED (Doc. No. 75), the Motion for Entry of Default is DENIED AS MOOT (Doc. No. 79), the Motion to Disqualify is DENIED (Doc. No. 80), the Motion to Object is DENIED AS MOOT (Doc. No. 81), the Motion to Appoint Counsel is DENIED (Doc. No. 82), and the Motion to Strike is DENIED AS MOOT (Doc. No. 83).

1.	**Background**

a.	**The Instant Matter**

Under 42 U.S.C. § 1983, *pro se* Plaintiff, Joseph Anthony Szostak, III, filed the instant matter on October 14, 2025 (Doc. No. 1). Plaintiff has since filed four Amended Complaints (Doc. Nos. 34, 69, 70, and 75), nine motions to amend his Complaint (Doc. Nos. 6, 7, 9, 10, 28, 43, 56, 62, and 74), and eight supplements to his Amended Complaints (Doc. Nos. 8, 12, 14, 15, 16, 17, 31, 63). To date, the remaining Defendants are Deputy Jennifer Parker and Deputy Bryan Layhew, each in their individual and official capacities (Doc. Nos. 70 at p. 2-3 and 75 at p. 2-3).

Plaintiff is an inmate of the Rutherford County Adult Detention Center ("RCADC") (Doc. No. 70 at p. 2). Contrary to protocol described in the RCADC inmate handbook, Plaintiff alleges that (i) inmate legal mail is no longer opened and inspected for contraband in the inmate's presence and (ii) original versions of inmate legal mail are no longer accessible to the inmate (Doc. No. 70 at p. 3-4). Due to a change in mail policy at RCADC, inmate legal mail is now opened, copied, and scanned before delivery to the inmate—with whom only copies are left—if delivery is made to the inmate at all (*Id*. at p. 4-5). From June to July 2025, Plaintiff's then defense attorney, Joe Agee, sent him seven letters, none of which were delivered to Plaintiff (*Id*.). Plaintiff, believing his letters were being ignored, filed a complaint against Mr. Agee with the Tennessee Board of Professional Responsibility (*Id*. at 5). Mr. Agee subsequently withdrew his representation of Plaintiff (*Id*. at 6). Plaintiff states that Mr. Agee's withdrawal "ruined" his bond reduction hearing and delayed his criminal trial by seven months (*Id*. at p. 11). Plaintiff now seeks monetary damages and injunctive relief (*Id*. at p. 12).

### b. Pending Motions

#### i. Motion for Extension and Motion to Object

Defendants requested an extension of time to June 1, 2026 to respond to Plaintiff's second Amended Complaint (Doc. Nos. 69 and 73 at p. 1).[1] In support, Defendants point to Plaintiff's various filings and argue that additional time is thus needed to prepare their response or pre-answer motion because each Amended Complaint "asserts claims spanning an extended time period involving institutional practices at [RCADC]" (Doc. No. 73 at p. 2). Defendants also argue that the Motion to Extend will neither unnecessarily delay the litigation, nor prejudice Plaintiff (*Id.*).

Plaintiff's Motion to Object (Doc. No. 81) is effectively a responsive pleading to Defendants' Motion for Extension (Doc. No. 73). Therein, Plaintiff repeatedly contends that any extension should be denied because Defendants were made aware of the instant matter by Plaintiff—through grievances, internal communications, or statements that he intended to file suit—and through service of process (Doc. No. 81 at p. 2, 4, 5, and 6).

#### ii. Motion for Case Status and Motion to Amend

Plaintiff's prior motions to amend were denied (Doc. Nos. 6, 7, 9, 10, 12, 15, 16, 17, 28, and 33). However, the Court previously afforded Plaintiff an opportunity to file *an* Amended Complaint to serve as his singular, operative pleading (Doc. No. 33 at p. 3-4 (emphasis added)). Therein, the Court also clarified for Plaintiff that a "piecemeal approach . . . to change (not supplement) particular portions of the Complaint rather than amending in its entirety," was not appropriate (*Id.* at p. 3). Plaintiff was also previously granted an opportunity to make changes to

---

[1]     Defendants also note that Plaintiff's third Amended Complaint (Doc. No. 70) was filed without leave of Court (Doc. No. 73 at p. 1).

3

existing named Defendants and add a new Defendant (Doc. No. 48), as well as a second opportunity to amend (Doc. No. 57).

Plaintiff now seeks leave to file a fourth Amended Complaint (Doc. No. 75).[2] Additionally, Plaintiff's Motion for Case Status seeks to confirm whether the Court received three or four amended complaints, sent in April 2026 and, if not, seeks leave to file yet another amended complaint (Doc. No. 74).

In opposition, Defendants offer three arguments. First, Defendants maintain that further amendment is neither warranted nor consistent with Rule 15 because Plaintiff's repeated filings have yielded "substantial confusion" as to which pleading is intended to be operative and what specific allegations or claims are intended (Doc. No. 78 at p. 1-3). Next, Defendants state that Plaintiff's successive amendments "materially prejudiced" their ability to respond or prepare an appropriate Rule 12 motion (*Id*. at p. 1-2). Finally, Defendants argue that "new and inconsistent pleadings effectively reset[] the litigation . . . and delay[] resolution" (*Id*. at p. 3).

### iii. Motion for Entry of Default

Next, Plaintiff requests this Court direct the Clerk of Court to enter default against Defendants (Doc. No. 79 at p. 1). In opposition, Defendants argue that Plaintiff's request is both procedurally improper and premature (Doc. No. 84 at p. 1). In support, Defendants note their Notices of Appearance (Doc. Nos. 71 and 72) and pending Motion for Extension (Doc. No. 73). Defendants also contend that Plaintiff's serial filings remain subject to ongoing dispute and clarification (Doc. No. 84 at p. 2).

---

[2] Plaintiff's fourth Amended Complaint is captioned as a motion for "Leave to File Amended Complaint" (Doc. No. 75).

### iv. Motion to Disqualify

While fashioned as an objection to Defendants' notice of appearance, the Court construes Plaintiff's objection as a Motion to Disqualify (Doc. No. 80). *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (Courts liberally construe a *pro se* plaintiff's pleadings and filings); *see also Gaston v. Cuyahoga Cmty. Coll. Chapter*, No. 1:23-cv-00850, 2024 WL 167092, at *8 (Jan. 16, 2024). Plaintiff argues that Defendants' counsel are "possible co-conspirators" and "creat[e] a conflict of interest" because partners and associates of "Hudson, Reed & Christiansen PLLC [] will be called to testify and to give a deposition" at a later stage in the proceedings (*Id*. at p. 3).

In opposition, Defendants claim that Plaintiff's request is procedurally improper and without legal basis (Doc. No. 85). In support, Defendants contend that "Plaintiff cannot manufacture a conflict of interest by objecting to opposing counsel's representation where no attorney-client relationship exists and no legally cognizable conflict is present" (*Id*. at p. 2). Further, Defendants assert that "Plaintiff's contention that defense counsel should be disqualified based on alleged involvement in the development or approval of jail policies is speculative, unsupported, and legally insufficient" (*Id*. at p. 3).

### v. Motion to Appoint Counsel

Plaintiff has previously filed six motions for appointment of counsel (Doc. Nos. 5, 11, 13, 22, 35, and 37). Such motions have all been denied as premature because this case is in the pleading stage (Doc. Nos. 33 and 48).

Plaintiff now files his seventh motion seeking appointment of counsel because his "imprisonment greatly limits his ability to litigate[] and has limited access to the law library and limited knowledge of the law" (Doc. No. 82 at p. 2). In support, Plaintiff claims Defendants'

5

counsel "agrees . . . that this case is complex and will require significant research" (*Id*.). In opposition, Defendants argue that no extraordinary circumstances exist (Doc. No. 87).

###### vi.      Motion to Stike

Finally, Plaintiff requests this Court strike his Motion to Amend (Doc. No. 75) and rely on his Third Amended Complaint (Doc. Nos. 70 and 83 at p. 1). In support, Plaintiff states that his Third Amended Complaint should be the operative complaint "until such time the Court files an answer on Plaintiff's Motion to Defendants' Counsel, as the Defendants have alleged and implicated Defendants' counsel [sic] as co-defendants to the [] violation of Plaintiff's First Amendment [sic] rights, or, at the very least, as witnesses called to testify or give deposition in a trial" (*Id*.).[3]

### 2.      Legal Standard

#### a.      Motion to Amend

Federal Rule 15(a)(2) allows a party to amend a pleading with the written consent of the opposing party or leave of Court, which the Court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether to grant leave to amend, district courts should consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.'" *Hopkins v. Chartrand*, 566 Fed. Appx. 445, 449 (6th Cir. 2014) (internal citations omitted). Additionally, under Local Rule 15.01, a motion to amend must describe the substance of the amendments sought and include as an exhibit the signed proposed amended pleading. M.D. Tenn. L.R. 15.01(a)(1).

---

[3]      The Court notes that none of Plaintiff's five Complaints name Defendants' counsel as co-defendant(s) in the instant matter (Doc. Nos. 1, 34, 69, 70, and 75).

### b. Motion to Disqualify

While a district court has inherent authority to disqualify an attorney to aid the fair administration of justice, this remedy is not to be used lightly; that is, courts must be sensitive to the parties' choice of counsel and weigh that interest against the public's interest in fair judicial process. *See Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988); *Cavender v. U.S. Xpress Enters. Inc.*, 191 F.Supp.2d 962, 965 (E.D. Tenn. 2002) (referring to motions to disqualify as "very sensitive" and requiring the court to "exercise judgment with an eye toward upholding the highest ethical standards of the profession, protecting the interest of the litigants in being represented by the attorney of their choosing, protecting the loyalty and confidences a prior client may have placed in a law firm or an attorney, and the overriding societal interests in the integrity of the judicial process").

### c. Motion to Appoint Counsel

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977)). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606-07 (quoting *Wahl*, 773 F.2d at 1174); *Miles v. Mich. Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

### 3. Analysis

#### a. Motion to Amend

Plaintiff's Motion to Amend (Doc. No. 75) appropriately conforms to this Court's prior Order in part by refraining from "piecemeal amendments" (Doc. No. 33 at p. 3). However, Plaintiff has otherwise failed to comply with the second instruction that he file one "operative pleading rendering all previous iterations void" (Doc. No. 33 at p. 3). *See Burford v. Brun*, No. 3:20-CV-00549, 2020 WL 5893822, at *2 n. 1 (M.D. Tenn. Oct. 5, 2020). Instead, Plaintiff has filed no less than five additional filings (Doc. Nos. 34, 63, 69, 70, and 75), sought to confirm whether the Court received three or four amended complaints in April 2026 alone (Doc. No. 74), and intermittingly failed to seek leave of the Court prior to filing (*See, e.g.*, Doc. No. 70). From these actions, it is clear that Plaintiff misunderstands basic procedural requirements of the Federal Rules of Civil Procedure and Local Rules as well as prior directives from this Court.

To prevail in an opposition to a motion to amend, Defendants may show repeated failure to cure or undue prejudice. *See Hopkins v. Chartrand*, 566 Fed. Appx. 445, 449. Such party must "make some significant showing of prejudice," namely "whether [the amendment] would require [the] opposing party to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay resolution of [the] dispute." *Security Ins. Co. of Hartford v. Tucker & Assoc., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995); *see Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Defendants contend that successive amendments "materially prejudiced" their ability to respond or prepare an appropriate Rule 12 motion (Doc. No. 78 at p. 1-2). Notably, Defendants also structure their Motion to Extend as needing additional time to prepare a response or appropriate Rule 12 motion because the pleadings are unclear (Doc. Nos. 69 and 73 at p. 1). This is significant because Defendants cannot succeed in claiming that they need additional time to

respond to unclear successive pleadings while also claiming one additional amendment, which would supersede all previous filings, would also result in additional significant resources or further delays in resolution of the dispute. *Id*. Indeed, one operative, amended pleading would result in less resources expended and a quicker resolution because all other pleadings would be superseded.

The Court agrees with Defendants that Plaintiff has repeatedly filed various Amended Complaints, motions to amend, and related supplements (Doc. No. 78 at p. 1-3). However, despite certain limitations, curing deficiencies in a pleading by way of amendment conserves the Court's resources and "is an accepted and expeditious way to more quickly reach the merits of a dispute." *Vision Real Est. Inv. Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:18-cv-0014, 2018 WL 10228378, at *3 (M.D. Tenn. Sept. 28, 2018) (quoting *Nichols v. Vill. of Minerva*, No. 5:14-cv-613, 2015 WL 845714, at *3 (N.D. Ohio Feb. 25, 2015)). While Defendants argue that inconsistent pleadings reset the action and delay resolution (Doc. No. 78 at p. 3), the Court in part disagrees. Allowance of a singular amendment, superseding all others, would expedite resolution and serve as a better alternative to construing his fourth Amended Complaint in conjunction with all past pleadings. *Id.; see also Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017).

Finally, because Plaintiff proceeds *pro se*, the Court construes his filings liberally and holds his pleadings "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). While lenient treatment is generally accorded to *pro se* litigants, such treatment has limits and does not entirely exempt such litigants from basic pleading essentials. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). Limited to the specific circumstances of this case, considerations of undue prejudice and repeated failure to cure do not overcome the lenient treatment afforded to *pro se* litigants. For purposes of clarity, however,

9

Plaintiff is instructed that he is granted *one* amendment, superseding all previous iterations, including his other amendments, motions to amend, and supplements. Plaintiff will have 14 days from the entry of this Memorandum Order to file his amendment. Additionally, Plaintiff is advised that any further practice of serial filings seeking to amend without leave of the Court and a showing of good cause will be denied. *Wells*, 891 F.2d at 594; *see also Jourdan*, 951 F.2d at 110.

### b.      Motion to Disqualify

Plaintiff concludes that there is a conflict of interest with Defendants' counsel because he intends to depose and call them to testify at trial (Doc. No. 80 at p. 3). Disqualification, however, is not a remedy to be used lightly. *Manning*, 849 F.2d at 224. This is especially so where Plaintiff has failed to either explain what deposition or testimony would lend to material or contested issues or offer any legal support for his argument, for *e.g.*, Rule of Professional Conduct 3.7. *See, e.g.*, *Boyle v. Evolve Bank & Trust*, No. 16-02171, 2017 WL 11236962, at *9 (W.D. Tenn. Apr. 20, 2017); *See also, e.g., G.D. & R.D. obo G.D. v. Utica Cmty. Sch.*, No. 20-12864, 2022 WL 2975821, at *2 (E.D. Mich. July 27, 2022) (stating the party seeking disqualification has the burden of "demonstrating specifically how and as to what issues in the case the likelihood of prejudice will result"). Further, disqualification for deposition or testimony, potentially to be provided at a different stage, is premature. *See G.D. obo G.D.*, 2022 WL 2975821, at *3. As a result, there is not enough before the Court at this stage to disqualify Defendants' counsel.

### c.      Motion to Appoint Counsel

As previously instructed by this Court, appointment of counsel is inappropriate at this stage. Plaintiff's serial filings demonstrate that he is capable of representing his own legal interests. *Lavado*, 992 F.2d at 604, 606; *see Stewart v. United States*, 2017 WL 939197, at n.1 (W.D. Tenn. Mar. 7, 2017) ("Nothing distinguishes this case from the numerous other petitions filed by indigent

prisoners and Petitioner has been able to proceed proficiently on his own at all stages of this litigation" (citation omitted)). Further, while Plaintiff contends that Defendants agree that this case is complex (Doc. No. 82 at p. 2), Defendants' Motion for Extension is better understood as taking issue with the delicate complexity in responding to multiple, inconsistent filings, rather than the type of case or nature of the factual and legal issues involved (Doc. No. 73 at p. 2). *Id.; Hollis*, 2018 WL 3572391, at *2. For these reasons, Plaintiff has failed to demonstrate exceptional circumstances to justify appointment of counsel.

## 4.      Conclusion

Accordingly, considering the foregoing analysis, Defendants' Motion for Extension (Doc. No. 73) is DENIED AS MOOT, Plaintiff's Motion for Case Status (Doc. No. 74) is GRANTED, Plaintiff's Motion to Amend (Doc. No. 75) is GRANTED, Plaintiff's Motion for Entry of Default is DENIED AS MOOT (Doc. No. 79), Plaintiff's Motion to Disqualify (Doc. No. 80) is DENIED without prejudice to renewal at a subsequent stage, if appropriate, Plaintiff's Motion to Object (Doc. No. 81) is DENIED AS MOOT, Motion to Appoint Counsel (Doc. No. 82) is DENIED, without prejudice to renewal at a subsequent stage of the proceedings, if appropriate, and Plaintiff's Motion to Strike (Doc. No. 83) is DENIED AS MOOT.[4]

The Clerk's Office is DIRECTED to mail Plaintiff 20 copies of the pleading forms.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[4]      Pursuant to Local Rule 7.01(b), the Court "may act on the motion prior to the time allowed for response." M.D. Tenn. 7.01(b).