| | |
|---|---|
| JOSEPH ANTHONY SZOSTAK, III, <br>     Plaintiff, <br><br> v. <br><br> DEPUTY CORPORAL JENNIFER PARKER et al., <br>     Defendants. | Case No. 3:25-cv-01187 <br><br> Chief Judge William L. Campbell, Jr. <br> Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

On June 2, 2026, plaintiff filed a motion for summary judgment. (Doc. No. 95.) Plaintiff asserts in the motion that defendants did not answer his amended complaint, but the Court gave defendants through June 26, 2026 to answer. (Doc. No. 92.) Defendants timely filed their answers. (Doc. Nos. 98, 99.) Plaintiff asserts further that defendants "will not ever be able to produce" certain policies pertaining to his allegations about tampered legal mail. (Doc. No. 95 at 2.) Now that defendants have answered and joinder of issue has occurred, plaintiff will have an opportunity to obtain documents in the discovery phase of this case. Accordingly, the Court DENIES[1] the motion without prejudice.

---

[1]     The Court has concluded that a non-dispositive resolution to the motion is appropriate, given the denial without prejudice. Under the circumstances here, because the "penalty to be imposed, rather than the penalty sought by the movant" controls magistrate judge authority, *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995), the Court is proceeding by order rather than by report and recommendation. *Cf. Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (standard of review for Rule 37 dismissal sanction "is governed by the result the Magistrate Judge determines") (citations omitted); *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (same) (citations omitted).

Plaintiff has filed his eighth motion for appointment of counsel. (Doc. No. 100.) In civil actions, unlike criminal proceedings, there is no constitutional right to counsel; appointment requires exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Here, plaintiff cites the need for counsel to help with "further investigation" (Doc. No. 100 at 1), but now that defendants have answered the complaint, plaintiff will have an opportunity to obtain documents during the discovery phase. Plaintiff has shown an ability to proceed with this case so far. Accordingly, the Court DENIES the motion for appointment of counsel (Doc. No. 100) but without prejudice.

Plaintiff also has filed a "request from the Court on what to do next." (Doc. No. 101.) The Court cannot provide legal advice, but as stated above, the case now is ready for a scheduling order. The Court will issue that scheduling order soon. Plaintiff has the responsibility to review the scheduling order, Rules 26 through 37 of the Federal Rules of Civil Procedure, and any corresponding local rules or orders to determine how to proceed during discovery. Accordingly, to the extent that Doc. No. 101 can be construed as a motion, the motion is DENIED AS MOOT.

### Conclusion

For the above reasons, the Court DENIES the motions at Doc. Nos. 95 and 100 without prejudice and DENIES the motion at Doc. No. 101 as moot.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

2