UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH ANTHONY SZOSTAK, III,<br>Plaintiff,<br><br>v.<br><br>DEPUTY CORPORAL JENNIFER PARKER and DEPUTY SERGEANT BRYAN LAYHEW,<br>Defendants. | Case No. 3:25-cv-01187<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court are three motions to disqualify, including the "Motion to Disqualify Defendants' Counsel" (Doc. No. 106, "Second Motion to Disqualify"),[1] the "Motion to Disqualify Defendants' Counsel (Corrected)" (Doc. No. 107, "Third Second Motion to Disqualify"), and the "Motion to Disqualify Defendants' Counsel" (Doc. No. 111, "Fourth Motion to Disqualify").[2] For the reasons described herein, the Second Motion to Disqualify (Doc. No. 106) and Fourth Motion to Disqualify (Doc. No. 111) are TERMINATED AS MOOT, and the Third Second Motion to Disqualify (Doc. No. 107) is DENIED.

Plaintiff previously filed an objection to Defendants' notice of appearance, which the Court construed as a motion to disqualify (Doc. No. 80) and denied without prejudice to renewal at a subsequent stage, if appropriate, because the request was premature and Plaintiff failed to explain what testimony would lend to material or contested issues (Doc. No. 88).

[1] Plaintiff's Third Motion to Disqualify is a "corrected" version that adds only three new paragraphs to the otherwise identical Second Motion to Disqualify (Doc. Nos. 106-07). The Court will thus terminate the Second Motion to Disqualify as moot.

[2] Plaintiff's Fourth Motion to Disqualify is an exact duplicate of Plaintiff's Second Motion to Disqualify (Doc. Nos. 106, 111). The Court will thus also terminate the Fourth Motion to Disqualify as moot.

As for Plaintiff's renewed motions for disqualification (Doc. Nos. 106-07, and 111), Plaintiff reiterates the same intent for testimony at a later stage in the proceedings (Doc. No. 107). However, Plaintiff now specifies that such testimony relates to Defendants' testimony, not Defendants' counsel (*Id.* at p. 2). Plaintiff also adds a new argument that prior and continued representation of Defendants creates a conflict of interest in violation of Tennessee Supreme Court Rule 8 and Rule of Professional Conduct 1.7 (*Id.* at p. 3). Tenn. Sup. Ct. R. 8, Tenn. R. P.C. 1.7; M.D. Tenn. L. R. 83 (The Tennessee Rules of Professional Conduct govern ethical conduct in the Middle District of Tennessee). In support, Plaintiff argues that Hudson, Reed & Christiansen PLLC may have been previously consulted about the Rutherford County Adult Detention Center ("RCADC") handbook or relevant mail policy (*Id.*). Following Defendants' opposition papers (Doc. Nos. 108-09, and 112), the pending motions are ripe for consideration.

While a district court has inherent authority to disqualify an attorney to aid the fair administration of justice, this remedy is not to be used lightly; that is, courts must be sensitive to the parties' choice of counsel and weigh that interest against the public's interest in fair judicial process. *See Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988); *Cavender v. U.S. Xpress Enters. Inc.*, 191 F.Supp.2d 962, 965 (E.D. Tenn. 2002) (referring to motions to disqualify as "very sensitive" and requiring the court to "exercise judgment with an eye toward upholding the highest ethical standards of the profession, protecting the interest of the litigants in being represented by the attorney of their choosing, protecting the loyalty and confidences a prior client may have placed in a law firm or an attorney, and the overriding societal interests in the integrity of the judicial process").

Specific to potential testimony, Plaintiff reportedly seeks "which department attorney approved which mail policy, why a mail policy in direct contradiction to the . . . RCADC[] Inmate

Handbook [] exists, and what legal mail practices were being practiced . . . from February of 2025 . . . to July of 2026" (Doc. No. 107 at p. 2). Notably, this testimony is not sought from Defendants' counsel, only one of these requests relate to Defendants' counsel, and, more specifically, the request pertaining to "which department attorney approved which mail policy" does not appear to be remotely relevant or material to advancing the litigation as against Defendant Parker or Layhew (*Id.*). Plaintiff has thus failed to carry his burden. *Melville Cap., LLC v. Tenn. Com. Bank*, No. 3:11-CV-00888, 2011 WL 6888526, at *1 (M.D. Tenn. Dec. 29, 2011) (quotation marks omitted) ("The moving party has the burden of proving that opposing counsel should be disqualified").

As for prior representation of Defendants (*Id.* at p. 1-2), the Court is also unpersuaded that Plaintiff has carried his burden here. *Id.* Plaintiff has not alleged that there is a prior attorney-client relationship between himself and Attorney Christiansen, Attorney King, or any other attorney at Hudson, Reed & Christiansen PLLC. *See Hall v. Snow*, No. 3:24-cv-00230, 2025 WL 394971, at *2 (M.D. Tenn. Feb. 4, 2025) (Rule 1.7 is not invoked and a concurrent conflict of interest does not exist where there is no attorney-client relationship between movant and attorney it moved to disqualify). Nor are there any allegations or facts in the record to permit such an inference.

Instead, Plaintiff alleges only that (i) the relevant mail policy "is approved by the department attorney" (*Id.* at p. 1), (ii) Attorney Christiansen previously represented RCADC's interests in unrelated litigation (*Id.* at p. 2), (iii) Hudson, Reed & Christiansen PLLC are currently representing RCADC's interests in the same unrelated litigation (*Id.*), and (iv) that Attorney Christiansen, Attorney King, and/or Hudson, Reed & Christiansen PLLC "may or may not have been consulted" when the relevant mail policy was adopted (*Id.* at p. 1-3). Just as representation of a party in a prior case does not disqualify future representation of that party, that Defendants' counsel "may or may not have" been consulted previously does not lend to "a reasonable

possibility that some specifically identifiable impropriety actually occurred." *Annette v. Haslam*, No. 3:18-1299, 2019 WL 2724852, at *1 (M.D. Tenn. July 1, 2019); *DeBiasi v. Charter Cnty. of Wayne*, 284 F.Supp.2d 760, 770 (E.D. Mich. 2003). Without more, the Court sees no discernible reason why Defendants' counsel should be disqualified, and Plaintiff's argument, to the extent comprehensible, does not otherwise offer factual evidence or legal precedent that could reasonably amount to a remedy as severe as disqualification of the firm or its counsel. *See, e.g., Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir.1989).

Finally, Defendants have now twice requested that Plaintiff be directed to not file further motions to disqualify on grounds already raised absent leave of Court (Doc. Nos. 109, 112). A comparison of the initial request and the Third Motion to Disqualify, however, reveals that Plaintiff clearly attempted to adjust his disqualification argument in light of the Court's prior instruction that the request was premature and lacking sufficient specificity as to the testimony sought (Doc. Nos. 88, 107). Given that the Court's prior denial was without prejudice to renewal, if appropriate, Plaintiff's renewed motions for disqualification cannot strictly be understood as inappropriate now (Doc. No. 88).

Nevertheless, the Court strongly cautions Plaintiff that he is rapidly approaching a level of vexatiousness that cannot be tolerated, especially as it relates to duplicative filings for disqualification (Doc. Nos. 106, 111) and his prior history of repetitive motions for appointment of counsel (Doc. Nos. 5, 11, 13, 22, 35, 37, 82, 90, 100). Plaintiff is hereby on notice that future repetitive and meritless filings could result in a filing injunction and/or monetary sanctions. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (The Court may impose restrictions to prevent repetitive or vexatious filings such as "imposition of a prefiling injunction or sanctions . . . requiring the abusive litigant to pay the opposing party's attorney fees.").

For the above reasons, Plaintiff's Second Motion to Disqualify (Doc. No. 106) and Fourth Motion to Disqualify (Doc. No. 111) are TERMINATED AS MOOT, and Plaintiff's Third Motion to Disqualify (Doc. No. 107) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge